No. 2--06--0902          Filed: 7-5-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re NIKI K., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| | ) | |
| | ) | No. 06--JA--13 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellant, v. P.K. and S.K., | ) | James J. Konetski, |
| Respondents-Appellees). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Petitioner, the People of the State of Illinois (State), appeals from the trial court's order dismissing the State's neglect and dependency petitions and returning custody of the minor child to respondents, P.K. and S.K. We affirm.

On March 12, 2006, P.K. and S.K. were arrested in Cook County. Their daughter, Niki, was with them at the time of arrest. Respondents told the police that the child could be placed with her maternal grandmother, Doris, who did take custody of her. Doris stated that she could not take care of the child "for a long period of time." Officers told her that it would just be overnight because respondents would be out of jail the next day. On March 20, Doris took Niki to stay with a cousin. On March 23, both Doris and the cousin took Niki to the Addison police department and surrendered her, claiming that neither they nor any other family members could take care of the minor. An aunt was approached about taking custody, but she refused.

A shelter care hearing was held in the afternoon of March 23. Neither parent was present, as they both remained in custody, and "numerous attempts" to reach them in the Cook County jail were unsuccessful. The minor was placed in shelter care, with temporary custody granted to the Department of Children and Family Services (DCFS) Guardianship Administrator. The State filed a petition seeking findings of neglect and dependency, early termination of reasonable efforts to reunify the family, and termination of parental rights.

On April 3, a renewal hearing was held, at which time the prior temporary custody order was renewed and the cause was continued for answer and setting. The case was continued several more times for answer and setting until July 25. On that date, respondents entered their answers and moved for rehearing on temporary custody, pursuant to section 2--10(4) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2--10(4) (West 2004)), alleging that they had not received notice of and were not present at the March 23 shelter care hearing. The court granted the motion and set the rehearing for the following day. Respondents then moved for a substitution of judge, which was granted. The rehearing was held on July 26, and the court found "no probable cause and no immediate and urgent necessity" and dismissed the case.

The State then filed a motion to reconsider. In denying that motion, the trial court noted that the original temporary custody order, entered March 23, was not renewed in a timely manner, and there was no valid order at the time of the rehearing in July. In addition, the court reiterated its conclusion that there was no probable cause. The court denied the motion to reconsider, and this appeal followed.

The State first contends that the trial court erred in determining that the initial shelter care order was not renewed on a timely basis. A shelter care order from an ex parte hearing "shall expire

after 10 days from the time it is issued unless before its expiration it is renewed" at a hearing at which the party respondent appears or the moving party provides an affidavit as to diligent efforts to notify the party respondent. 705 ILCS 405/2--10(3) (West 2004). The shelter care order was entered on March 23, 2006, and the cause was continued to Monday, April 3, 11 days later. On that date, a renewal order was entered.

In computing the time within which "any act provided by law is to be done," the last day is to be excluded if it falls on a Saturday or a Sunday. (Emphasis added.) 5 ILCS 70/1.11 (West 2004). In this case, the tenth day, April 2, fell on a Sunday; thus, excluding April 2, the hearing was to be held by Monday, April 3. As the hearing was held on that date, the shelter care order was properly and timely renewed on April 3. The trial court erred in determining that there was no valid shelter care order in existence in July.

The State next contends that the trial court erred in considering evidence up to the time of the rehearing. Our review of the testimony, however, discloses no evidence regarding anything that occurred after the hearing held on March 23. The only "evidence" that was different from that of the original hearing was the presence of the parents, who were no longer in the Cook County jail. The State does not specify what evidence it alleges to have been improperly considered. Thus, we must conclude that the State objects to the trial court's consideration of the fact that the parents were no longer in the custody of Cook County.

Section 2--10(4) of the Act provides in relevant part:

"If the parent *** of the minor did not have actual notice of or was not present at the shelter care hearing, he or she may file an affidavit setting forth these facts, and the clerk shall set the matter for rehearing not later than 48 hours, excluding Sundays and legal

holidays, after the filing of the affidavit. At the rehearing, the court shall proceed in the same manner as upon the original hearing." 705 ILCS 405/2--10(4) (West 2004).

The State argues that the clause "the court shall proceed in the same manner as upon the original hearing" requires the court to consider only evidence that could have been considered at the original shelter care hearing. We review de novo issues of statutory construction. In re C.W., 199 Ill. 2d 198, 211 (2002).

A court's primary objective in construing a statute is to give effect to the intent of the legislature. C.W., 199 Ill. 2d at 211. The language of the statute is the most reliable indicator of the legislature's intent; where the statutory language is clear and unambiguous, we need not resort to other aids of construction. C.W., 199 Ill. 2d at 211. In such a situation, we "must give effect to the statute as written, without reading into it exceptions, limitations, or conditions that the legislature did not express." C.W., 199 Ill. 2d at 211-12.

Here, the Act provides that parents who did not receive notice of a shelter care hearing are entitled to a rehearing. Such parents are to be given notice of their rights to a rehearing; the form of the notice, which shall be given "substantially" as it is explicitly set forth in section 2--10(3) of the Act, includes a statement that the parents' rights "are the same as at the initial shelter care hearing." 705 ILCS 405/2--10(3) (West 2004)). Among the rights of parents at a shelter care hearing is the right to present evidence concerning: (1) whether a child is abused, neglected, or dependent; (2) whether there is immediate and urgent necessity to remove a child from the home, including evidence of the parents' ability to care for the child, conditions in the home, and alternative means of protecting the child other than removal; and (3) the best interests of the child. See 705 ILCS 405/2--10(3) (West 2004)). At the rehearing, the court is to "proceed in the same manner as

upon the original hearing." 705 ILCS 405/2--10(4) (West 2004). However, nowhere in the Act in general or section 2--10 in particular did the legislature limit the evidence that a court may consider at such a rehearing to the evidence that existed at the time of the original shelter care hearing. The State's argument, if accepted, would read into the Act limitations that the legislature did not express, and this we will not do.

The State's theory is further undercut by the very nature of the evidence that parents have a right to present at a rehearing. Parents may present evidence regarding "immediate and urgent necessity" to remove a child from the home, including evidence of the parents' ability to care for the child, and the best interests of the child. See 705 ILCS 405/2--10(3) (West 2004). There is no immediacy or urgency in evidence regarding the parents' ability to care for a child four months before the hearing is held, nor is evidence of the best interests of the child four months ago of any real relevance at a hearing today. Further, the legislature's stated purpose and policy in enacting the Act includes the policy:

> "In all proceedings under this Act the court may direct the course thereof so as promptly to ascertain the jurisdictional facts and fully to gather information bearing upon the current condition and future welfare of persons subject to this Act." 705 ILCS 405/1--2(2) (West 2004).

This policy could hardly be fulfilled by considering evidence only about past rather than current conditions and the past rather than the future welfare of persons subject to this Act.

The State argues that, in order to have the court consider evidence arising after the initial hearing, respondents should have filed a motion to modify or vacate the temporary custody order, pursuant to section 2--10(9) of the Act. See 705 ILCS 405/2--10(9) (West 2004). We believe such

a motion would have been appropriate had the parents received proper notice of the original shelter care hearing and now wished to provide evidence of changed circumstances. However, a rehearing on the State's petition is not an effort to modify or vacate the court's prior order. Such a rehearing is a de novo hearing on the State's petition, held to allow the parents, who were not given notice of the initial hearing, to exercise their statutory rights. A de novo hearing is " '[a] new hearing of a matter, conducted as if the original hearing had not taken place.' " Cook County Board of Review v. Property Tax Appeal Board, 339 Ill. App. 3d 529, 537 (2002), quoting Black's Law Dictionary 447 (7th ed. 1999). Thus, it is as if no hearing had been held on the State's petition in March. It is illogical to conclude that the parents' status on the date of a de novo shelter care hearing cannot be considered. Thus, we find no error in the trial court's consideration of the parents' status as unincarcerated and present in court rather than present in court but otherwise incarcerated.

The State next contends that the trial court erred in finding that there was no probable cause for a finding of neglect or dependency and no immediate and urgent necessity for placement in shelter care. A trial court exercises wide discretion in its determinations of the best interests of the child in temporary custody hearings, and these determinations will not be disturbed absent an abuse of discretion or a judgment that is against the manifest weight of the evidence. In re A.H., 195 Ill. 2d 408, 425 (2001).

Our review of the evidence reveals neither an abuse of discretion nor a judgment that is against the manifest weight of the evidence. The State alleged that Niki was a neglected minor in that respondents did not provide proper and necessary support for her well being, having "not been able to provide for the minor" since they were arrested on March 12. See 705 ILCS 405/2--3(1)(a) (West 2004). There was no evidence that respondents were unable to provide for Niki since that

date. Respondents were advised by the police that they needed only to provide shelter for 24 hours. The parents made arrangements that lasted longer than they were advised was necessary. Had the State released them within 24 hours as they were originally advised, it is doubtful that Niki would have been surrendered to the Addison police. The trial court could reasonably have determined that, based upon the admonitions related by the police, respondents made appropriate arrangements for Niki's care at the time of their arrests. Respondents were never contacted and given the opportunity to make alternate arrangements when Doris was no longer able to care for Niki or when the petition was initially filed. In addition, when the trial court heard the evidence at the July 26 rehearing, there was no evidence that respondents could not provide for Niki at that time. The State also alleged that Niki was a dependent minor in that respondents were arrested in Cook County and that "[b]oth parents remain in custody." Clearly, such was not the case on July 26. Respondents were willing and able to care for their daughter on July 26, and there was no immediate and urgent necessity to keep Niki from her parents and her home. The trial court's findings were not against the manifest weight of the evidence, and we find no abuse of discretion.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GROMETER, P.J., and BYRNE, J., concur.